**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Julio Cesar MORENO–GALINDO,
Defendant–Appellant.**

No. 99–50348.

D.C. No. CR–98–00773–ER.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM [2]

■ Julio Cesar Moreno–Galindo appeals his 70–month sentence imposed following conviction after a jury trial to a single count of being found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because Moreno–Galindo did not object to the use of his prior aggravated felony to enhance his sentence, we review for plain error, *United States v.*

**2.** This disposition is not appropriate for publication and may not be cited to or by the

*Pacheco–Zepeda,* No. 99–50720, 2000 WL 33156290, at *3 (9th Cir. Dec. 6, 2000), and affirm.

■ Moreno–Galindo contends that the district court erred by sentencing him pursuant to 8 U.S.C. § 1326(b)(2). Specifically, he argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that the fact of his prior conviction for an aggravated felony be proved beyond a reasonable doubt. We disagree.

The plain language of *Apprendi* excludes from its holding prior convictions, thereby preserving the specific holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that subsection (b)(2) constitutes a sentence enhancement and not a separate offense. *Pacheco–Zepeda,* at *4. The district court, therefore, properly sentenced Moreno–Galindo pursuant to subsection (b)(2). *Id.* at *5.

AFFIRMED.